# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1503014277 |
| | ) | |
| BRANDON S. KASINATH, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: March 5, 2020
Date Decided: July 23, 2020

## ORDER GRANTING 11 *DEL. C.* § 4217 APPLICATION

Upon consideration of the Department of Correction's ("DOC") Application

for Good Cause Shown pursuant to 11 *Del. C.* § 4217,[1] the Board of Parole's

("Board") Recommendation,[2] the State's Position Statement and its Response to the

Board's Recommendation,[3] Defendant's Letter Motion for Modification of Sentence

and Supplemental Letter,[4] statutory and decisional law, and the record in this case,

**IT APPEARS THAT:**

1.     On January 25, 2016, Defendant pled guilty to Robbery First Degree

and Conspiracy Second Degree.[5] By Order dated October 7, 2016, effective March

---

[1] D.I. 63. *See* 11 *Del. C.* § 4217(b). ("The Court may modify the sentence solely on the basis of an application filed by the Department of Correction for good cause shown which certifies that the release of the defendant shall not constitute a substantial risk to the community or the defendant's own self.").

[2] D.I. 63.

[3] D.I. 63, 65.

[4] D.I. 67, 68.

[5] D.I. 30.

22, 2015, Defendant was sentenced to 6 years at Level V, followed by decreasing levels of supervision and probation.[6]

2.     On June 25, 2019, pursuant to 11 *Del. C.* § 4217, the DOC filed an application (the "Application") with the Board of Parole, recommending that Defendant's Robbery First Degree sentence be modified as follows:

> 12 years at Level V, suspended for time served, and the remaining balance served at Level IV (Work Release), suspended after 6 months at Level IV (Work Release), for 18 months at Level III supervision.[7]

The DOC asserts in the Application that Defendant is a good candidate for a sentence modification because he:  (1) is rehabilitated;[8] (2) has served the majority of his Level V sentence; (3) has stable housing options; (4) was a juvenile when the crime was committed;[9] (5) shows empathy; (6) fully acknowledges his role in the crimes; and (7) is making plans to be crime-free, including attending trade school.[10]

---

[6] D.I. 37.  Defendant was sentenced as follows:  for Robbery First Degree, IN15-04-0180, 12 years at Level V, suspended after 6 years, for 6 months at Level IV (DOC Discretion), followed by 18 months at Level III, hold at Level V until space is available at Level IV; and for Conspiracy Second Degree, IN15-04-1680 2 years at Level V, suspended for 1 year at Level III.  Probation is concurrent.

[7] D.I. 63.

[8] The DOC asserts that Defendant is rehabilitated because he was active in all programs, education, and employment while maintaining good behavior and addressing his criminogenic needs.

[9] According to the DOC, since committing the criminal offenses, Defendant has shown positive behavioral change and maturation while achieving the recommendations outlined in his risk needs responsivity assessment.

[10] D.I. 63.

3. The State opposed the DOC's Application, arguing that Defendant received a reasonable plea deal, had two disciplinary infractions in 2018,[11] is a moderate risk for recidivism, and his petition for commutation was denied.[12]

4. On November 5, 2019, the Board determined that: (1) the DOC showed good cause and "met the intention of 11 *Del. C.* § 4217(b)" by stating that Defendant's release into the community does not pose a substantial risk to the community or himself; and (2) Defendant demonstrated rehabilitation through participation in programs, earning his GED, working towards his high school diploma, maintaining employment while incarcerated, and completing two vocational training programs.[13] Based on these findings, the Board unanimously recommended that Defendant's Robbery First Degree sentence be modified as follows:

> Balance of sentence suspended for time served and the balance of the sentence to be served at Level IV Work Release for a period of six (6) months followed by Level III community supervision in accordance with SB 50. All other aspects of sentence to remain the same.[14]

---

[11] In 2018, Defendant had two disciplinary infractions: (1) possession of non-dangerous contraband; and (2) theft. These infractions arose from Defendant taking extra food from the kitchen without approval and having a remote and watches that did not belong to him. Despite these infractions, the DOC and the Board believe that Defendant has been rehabilitated and does not pose a substantial risk to the community or himself.

[12] D.I. 63. According to the State, MDT denied the petition because Defendant did not have a realistic release plan and he needed additional substance abuse and mental health treatment.

[13] D.I. 63 (The Board considered Defendant's testimony, the DOC's Application and supporting documentation, and the State's Position Statement).

[14] D.I. 63.

5.      Upon receipt of the Board's Recommendation, the Court asked the State to respond.[15] The State filed its opposition on December 18, 2019.[16] The State disputes the Board's finding that the DOC has certified the Defendant would not constitute a substantial risk to the community or himself.[17] The State notes that Defendant: (a) was involved in a robbery and attempted murder of two individuals who suffered severe, life threatening injuries; (b) he remains in medium security and his June 2019 assessment identified him as "a moderate risk for recidivism"; (c) has had two disciplinary infractions for possession of non-dangerous contraband and theft; and (d) his Sentencing Order listed a number of aggravators, including: "Defendant's role in the crime was to lure victims to the robbery; per State, this Defendant is more culpable than [co-defendants]; undue depreciation of offense; excessive cruelty; breach of trust; integral to crimes, [victim] trusted defendants."[18]

6.      On February 7, 2020, Defendant filed a Letter Motion in support of the DOC's Application and the Board's Recommendation,[19] and on March 5, 2020, he filed a supplemental letter.[20] Defendant argues that his sentence should be modified

---

[15] D.I. 63, 64

[16] D.I. 65.

[17] *Id.*

[18] *Id.*

[19] D.I. 67.

[20] D.I. 68. Defendant asks the Court to modify his sentence as follows:  the balance of Level V suspended for time served, the balance served at Level IV (Work Release), suspended after 6 months at Level IV (Work Release), for 18 months at Level III.

because [as of February 4, 2020,][21] Defendant has served 4 years and 11 months at Level V, he has engaged in rehabilitative efforts while incarcerated, and he has a place to live with family upon his release.[22]

7.     Pursuant to Superior Court Criminal Rule 35(b), the Court may modify a sentence beyond 90 days after the imposition of a sentence if the DOC files an application "for good cause shown which certifies that the release of the defendant shall not constitute a substantial risk to the community or the defendant's own self."[23]  Good cause includes, but is not limited to, "rehabilitation of the offender, serious medical illness, or infirmity of the offender and prison overcrowding."[24] Pursuant to 11 *Del. C.* § 4217(h), rehabilitation is defined as "the process of restoring an individual to a useful and constructive place in society especially through some form of vocational, correctional, or therapeutic retraining."

8.     Based on the record before the Court, Defendant appears to be rehabilitated through "vocational, correctional, and therapeutic training."  As the

---

[21] As of the date of this Order, Defendant has served over 5 years at Level V.

[22] D.I. 67.

[23] In addition, the Court may consider an application made more than 90 days after sentencing if Defendant establishes "extraordinary circumstances."  Super. Ct. Crim. R. 35(b).  Defendant has not filed a motion establishing extraordinary circumstances.

[24] 11 *Del. C.* § 4217(c).  Pursuant to section 4217(d)(1), the Board of Parole "shall have the authority to promulgate reasonable regulations concerning the form and content of [DOC motions for good cause]."  *Id.* § 4217(d)(1).  Under the Rules of the Delaware Board of Parole, after DOC file an application "showing 'good cause'" and the Board conducts a hearing, the Board determines whether "the offender constitutes a substantial risk to the community or determines that the application is not based on good cause."  Del. Admin. C. PAR 22.

DOC states and the record demonstrates, Defendant has actively participated in rehabilitative courses, maintained employment, earned his GED, is working toward his high school diploma, has completed two vocational programs, and has made positive behavioral changes.[25]

10. According to a DOC assessment dated June 11, 2019, Defendant was a moderate risk for recidivism and his Social Interpersonal Skill Development Life Skills Development were better suited for rehabilitation efforts.[26] The assessment identified several strengths, including stable housing, no drug or alcohol issues, lifestyle conducive to pro-social behavior, no mental health concerns, family support, access to services, and social support and relations.[27]

11. While Defendant's original Robbery First Degree sentence was appropriate at the time rendered, the Court is satisfied that the DOC, the agency that has housed and supervised Defendant for over four years, has certified that Defendant does not pose a substantial risk to the community or himself and has demonstrated rehabilitation. The Board agrees with the DOC's assessment. After carefully reviewing the record before it, the Court agrees as well. Consequently, the

---

[25] D.I. 63.

[26] *Id.*

[27] The assessment shows Defendant has benefitted from mental health and substance abuse treatment.

Court hereby modifies Defendant's Robbery First Degree, IN15-04-0180, sentence as follows:

12 years at Level V, suspended for time served,[28] and the remaining balance to be served at Level IV Work Release, suspended after 6 months at Level IV Work Release, for 18 months at supervision Level III, hold at Level V until space is available at Level IV Work Release.

12. All remaining terms and conditions of Defendant's sentence are appropriate for all the reasons stated at the time of sentencing and are not affected by this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Department of Correction's Application for Good Cause Shown pursuant to 11 *Del. C.* § 4217 is **GRANTED**.

*Jan R. Jurden*

_____
Jan R. Jurden, President Judge

Original to Prothonotary
cc:   Brandon S. Kasinath (SBI# 00788863)
      Heidi Collier, Department of Correction
      David Henderson, Board of Parole
      Periann Doko, DAG

---

[28] From March 22, 2015 to present.